JOHN O'KANE, JR.          4280-0
MARK S. HAMILTON          7768-0

FRAME FORMBY & O'KANE
Attorneys at Law, A Law Corporation
Four Waterfront Plaza , Suite 575
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Telephone: (808) 545-3043
Facsimile: (808) 545-3065
E-mail: FFOMaritime@aol.com

Attorneys for Plaintiff
HEALY TIBBITTS BUILDERS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HEALY TIBBITTS BUILDERS, INC. | ) | CIVIL NO. CV02-00146 SOM-BMK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FIRST AMENDED |
| | ) | RESPONSE TO DEFENDANT |
| vs. | ) | MANNERING CONSTRUCTION |
| | ) | COMPANY'S SECOND REQUEST |
| | ) | FOR ANSWERS TO |
| MANNERING CONSTRUCTION | ) | INTERROGATORIES |
| COMPANY; INSURANCE | ) | PROPOUNDED ON FEBRUARY |
| ASSOCIATES, INC.; HAWAII | ) | 18, 2005 |
| EMPLOYERS' MUTUAL | ) | |
| INSURANCE COMPANY, INC. | ) | |
| | ) | **_Trial_**: |
| Defendants. | ) | DATE: August 30, 2005 |
| | ) | TIME: 9:00 a.m. |
| | ) | JUDGE: Hon. Susan O. Mollway |

EXHIBIT B



PLAINTIFF'S FIRST AMENDED RESPONSE TO
DEFENDANT MANNERING CONSTRUCTION COMPANY'S
SECOND REQUEST FOR ANSWERS TO
<u>INTERROGATORIES PROPOUNDED ON FEBRUARY 18, 2005</u>

Plaintiff/Counterclaim Defendant HEALY TIBBITTS BUILDERS, INC.

("HTBI"), by and through its attorneys, Frame Formby & O'Kane, pursuant to Rules

26, 33, and 36 of the Federal Rules of Civil Procedure, hereby responds to the Second

Request for Answers to Interrogatories from Defendant MANNERING

CONSTRUCTION COMPANY ("Mannering") propounded on February 18, 2005.

This response is made without prejudice to an objection that each or any

of the information requested is immaterial, irrelevant or otherwise inadmissible.

HTBI reserves the right to supplement in accordance with the Federal Rules of Civil

Procedure as appropriate upon the discovery of additional information responsive to

the discovery request. HTBI has made a reasonable search of its files and records and

on this basis has prepared these responses to Mannering's second set of

interrogatories.

<u>GENERAL OBJECTIONS</u>

Each of the following objections are incorporated into each of the

interrogatories to which they pertain:

1.    HTBI    objects    to    Mannering's    request    for    answers    to

interrogatories to the extent the request, and/or the definitions and instructions therein, set forth requirements of HTBI beyond the scope of the Federal Rules of Civil Procedure.

2.    HTBI objects to Mannering's request for answers to interrogatories to the extent they call for privileged information, including but not limited to attorney-client communications and/or attorney work-product.

3.    HTBI objects to Mannering's request for answers to interrogatories to the extent they are irrelevant and/or call for information not reasonably calculated to lead to the discovery of admissible evidence.

DATED: Honolulu, Hawaii; March 23, 2005.

FRAME FORMBY & O'KANE

JOHN O'KANE, JR.
MARK S. HAMILTON
Attorneys for Plaintiff
HEALY TIBBITTS BUILDERS, INC.

3

## RESPONSES TO SECOND REQUEST FOR
## ANSWERS TO INTERROGATORIES

1.   Please state each type of loss (e.g. liability for benefits to the widow of Finefeuiaki Maumau under LHWCA; liability for benefits to children of Finefeuiaki Maumau under LHWCA; LHWCA annual assessments; Funeral Expenses; excess insurance premiums; fees and costs assessed against you in LHWCA administrative proceeding; legal fees and costs incurred by you; etc.) for which you claim Mannering is liable to you in this action .

ANSWER:   Without waiving the foregoing objections and subject thereto, this information was provided to Mannering through "Plaintiff's Response to Defendant Insurance Associates, Inc.'s First Request for Answers to Interrogatories Propounded on September 8, 2004," and through correspondence dated November 17, 2004.  As of November 15, 2004, the following were HTBI's out-of-pocket expenses:

| | |
|---|---|
| Payments: | |
| Darlete Maumau | $109,041.93 |
| Shelly Dagget, guardian | $35,253.50 |
| LHWCA Annual Assessment | $7,695.00 |
| Funeral Expenses | $3,000.00 |
| | |
| Assessment of Fees & Costs (BRB Appeal) | $70,744.08 |
| | |
| Legal Services and Expenses: (Two Law Firms) | $208,465.06 |
| | |
| Total Out-of-Pocket Expenses: | $434,199.57 |

These figures have increased according to the payment schedule ordered by the Administrative Law Judge ("ALJ") and because of the need for additional legal services and expenses to protect HTBI's interests. Excess insurance premiums cannot be determined at this time. As of October 8, 2004, the projected value of future expenses totaled approximately $969,995.72 and is based on the calculations and report of HTBI's economic expert, Jack P. Suyderhoud. As of October 8, 2004, the out-of-pocket expenses combined with the amount of projected damages in current

dollars totaled $1,360,429.60. Discovery is ongoing. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

2.    As to each type of loss stated in your answer to Interrogatory No. 1, state what you claim to be the amount of that loss, separately stating the amounts already paid from projected amounts to be paid in the future, and provide a grand total of the amount claimed for all types of losses as of the date of your answers.

ANSWER:   Without waiving the foregoing objections and subject thereto, see answer to Interrogatory No. 1. Discovery is ongoing. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

3.    As to each amount set forth in your answer to Interrogatory No. 2, state exactly how that amount was calculated, including all assumptions and variables used in the calculations.

ANSWER:   Objection. In addition to the general objections listed above, this request is overbroad, unduly burdensome, vague and ambiguous, may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.

MARK S. HAMILTON

2

Without waiving the foregoing objections and subject thereto, see response to Interrogatory No. 1. The payments to Darlete Maumau and Shelly Dagget were calculated using payment records established pursuant to the ALJ's decision ordering payments. The figures for the Annual Assessment and Funeral Expenses were supplied through direct billings to HTBI. The bills for attorneys' fees and costs were sent directly to HTBI from the legal services providers. The Assessment of Fees & Costs by the attorneys on the BRB Appeal for the deceased's widow and minor children were supplied by those attorneys. Discovery is ongoing. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

4.    As to each type of loss stated in your answer to Interrogatory No. 1, state what you claim to be the projected present value of future expenses for that loss, including specifically, the projected present value of future (a) benefits to the widow of Finefeuiaki Maumau under LHWCA; (b) benefits to children of Finefeuiaki Maumau under LHWCA and explain how those values were calculated, including all assumptions and variables.

ANSWER: Objection. In addition to the general objections listed above, this request is overbroad, unduly burdensome, vague and ambiguous, may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.

MARK S. HAMILTON

3

Without waiving the foregoing objections and subject thereto, see response to Interrogatory No. 1. The projected value of future expenses for (a) the benefits to the widow of Finefeuiaki Maumau under LHWCA; and (b) the benefits to children of Finefeuiaki Maumau under LHWCA, is calculated according to the ALJ's decision ordering payments. This information is public record and available for Mannering to use to calculate the projected present value of future expenses. The projected present value of future expenses for legal services and costs is impossible to determine at this time. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

5.    State (a) the contract value of the contract between you and Mannering on the P-123 project, including all change orders; (b) the total paid by you to Mannering; (c) the amount of and reason for any back charges claimed by you; and (d) the amount of the contract value which you have not paid to Mannering (i.e. (a) minus (b) minus (c)).

ANSWER:   Without waiving the foregoing objections and subject thereto, this information was provided to Mannering through correspondence dated December 13, 2004. The following were the figures for the Mannering contract:

| | |
|---|---|
| Original Contract | $644,496.00 |
| Change Orders (No. 1-15) | $76,125.40 |
| Change Order No. 16 | ($21,117.57) |
| Contract Value | $699,503.83 |
| | |
| Less Payments Made | $495,666.02 |
| Less Vendor Backcharges | $42,989.00 |
| | |
| Less Pacific Environmental | $1,198.13 |
| Less Resource Recovery | $ 241.46 |
| Amount in Dispute - Mannering | $159,409.22 |

4

Discovery is ongoing. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

6.    Did you order Mannering to leave the P-123 project job site because he did not have LHWCA insurance? If so, what was the date Mannering left the job and what was the dollar value of the P-123 project contract work which Mannering was not allowed to complete?

ANSWER:  Mannering was ordered to leave the P-123 project job site because it did not have LHWCA coverage at the time of the death of Finefeuiaki Maumau and did not obtain LHWCA insurance coverage required by the subcontract for its employees on the P-123 project job site immediately thereafter. If Mannering had promptly obtained LHWCA coverage after the death of Finefeuiaki Maumau, then Mannering would have been allowed to finish the job. Mannering did not complete the work covered by the subcontract and did not work on the project after November 6, 2001. See response to Interrogatory No. 5. Discovery is ongoing. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

7.    If Mannering had LHWCA coverage at the time of the death of Finefeuiaki Maumau, would you have allowed Mannering to complete the work under his P-123 contract? If not, why not?

ANSWER:  If Mannering had promptly obtained LHWCA coverage after the death of Finefeuiaki Maumau, then he would have been allowed to complete the work under his P-123 contract.

5

8.    If Mannering had LHWCA coverage at the time of the death of Finefeuiaki Maumau, would you have allowed Mannering to bid on additional work for you on the P-123 Project?  If not, why not?

ANSWER:  Mannering could have bid on additional work for the P-123 contract regardless.  If any of Mannering's bids were accepted, then Mannering, like all other subcontractors on the P-123 project, would have been required to obtain LHWCA coverage before starting any work.

9.    If Mannering had LHWCA coverage at the time of the death of Finefeuiaki Maumau, would you have allowed Mannering to bid on other projects being done by you in Hawaii?  If not, why not?

ANSWER:  See answer to Interrogatory No. 8.

10.    If Mannering had LHWCA coverage at the time of the death of Finefeuiaki Maumau, is it likely that you would have accepted bids by Mannering if the bid was price competitive with other bidders to do work he was qualified to do?  If not, why not?

ANSWER:  Objection.  In addition to the general objections listed above, this request is overbroad, vague and ambiguous, may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.

MARK S. HAMILTON

6

Without waiving the foregoing objections and subject thereto, because Mannering did not bid on any other work, it would be irresponsible to speculate as to whether Mannering's bids would have been accepted. LHWCA coverage is not required to submit a bid, LHWCA coverage is only required after a bid is accepted and before a subcontractor begins work.

11.    If you have recovered or collected from anyone any part of the losses stated in your answers to interrogatories 1 through 4, for each type of loss, state the amount recovered from whom you recovered that amount.

ANSWER:  Objection. In addition to the general objections listed above, this request is overbroad, vague and ambiguous, may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.

MARK S. HAMILTON

Without waiving the foregoing objections and subject thereto, at this time, HTBI has not recovered or collected from anyone any part of the losses stated in its answers to interrogatories 1 through 4. Mannering should be aware this interrogatory could be construed as seeking information sealed by order of the Court and not subject to discovery through Rule 33 of the Federal Rules of Civil Procedure. At the most recent status conference, the Court noted the information would be provided to Mannering once the other parties have finalized negotiations. The Court also cautioned Mannering to remain patient and wait for the information to be made available. In addition, this information may be protected pursuant to the Federal Rules of Evidence, Rule 408. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

7

12.    If you have assigned any part of any claim against Mannering for any of the losses stated in your answers to interrogatories 1 through 4, for each type of loss, state to whom the claim was assigned, the total value of the consideration you received for the assignment and any conditions on the assignment.

ANSWER:   Objection.  In addition to the general objections listed above, this request is overbroad, vague and ambiguous, may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.

MARK S. HAMILTON

Without waiving the foregoing objections and subject thereto, HTBI has not assigned any part of any claim against Mannering for any of the losses stated in its answers to interrogatories 1 through 4. Mannering should be aware this interrogatory could be construed as seeking information sealed by order of the Court and not subject to discovery through Rule 33 of the Federal Rules of Civil Procedure. At the most recent status conference, the Court noted the information would be provided to Mannering once the other parties have finalized negotiations.  The Court also cautioned Mannering to remain patient and wait for the information to be made available.  In addition, this information may be protected pursuant to the Federal Rules of Evidence, Rule 408. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

13.    If you have assigned any part of any claim against Hawaii Employers Mutual Insurance Company, Inc., state to whom the claim was assigned, the total value of the consideration you received for the assignment and any conditions on the assignment.

8

ANSWER:  Objection.  In addition to the general objections listed above, this request is overbroad, vague and ambiguous, may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.


MARK S. HAMILTON

Without waiving the foregoing objections and subject thereto, HTBI has not assigned any part of any claim against Hawaii Employers Mutual Insurance Company, Inc.  Mannering should be aware this interrogatory could be construed as seeking information sealed by order of the Court and not subject to discovery through Rule 33 of the Federal Rules of Civil Procedure.  At the most recent status conference, the Court noted the information would be provided to Mannering once the other parties have finalized negotiations.  The Court also cautioned Mannering to remain patient and wait for the information to be made available.  In addition, this information may be protected pursuant to the Federal Rules of Evidence, Rule 408. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

14.    If you have assigned any part of any claim against Insurance Associates, Inc. and/or Scott Christensen, state to whom the claim was assigned, the total value of the consideration you received for the assignment and any conditions on the assignment.

ANSWER: Objection. In addition to the general objections listed above, this request is overbroad, vague and ambiguous, may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.

MARK S. HAMILTON

Without waiving the foregoing objections and subject thereto, HTBI has not assigned any part of any claim against Insurance Associates, Inc. and/or Scott Christensen. Mannering should be aware this interrogatory could be construed as seeking information sealed by order of the Court and not subject to discovery through Rule 33 of the Federal Rules of Civil Procedure. At the most recent status conference, the Court noted the information would be provided to Mannering once the other parties have finalized negotiations. The Court also cautioned Mannering to remain patient and wait for the information to be made available. In addition, this information may be protected pursuant to the Federal Rules of Evidence, Rule 408. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

15. Identify every person, including attorneys, who was consulted or otherwise participated in answering these interrogatories.

ANSWER: Objection. In addition to the general objections listed above, this request is overbroad, unduly burdensome, vague and ambiguous as what constitutes "participation," may seek information protected under the attorney-client and/or attorney work product privileges, and is not reasonably calculated to lead to the discovery of admissible evidence.

MARK S. HAMILTON

10

Without waiving the foregoing objections and subject thereto, these people "participated" in answering the interrogatories: Richard Heltzel, President of HTBI, Thomas Langan, Risk Manager for Weeks Marine, Mark Hamilton and John O'Kane, Jr., attorneys with Frame Formby & O'Kane. Discovery is ongoing. HTBI reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure upon the discovery of additional information responsive to this discovery request.

11

## VERIFICATION

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |


      I, RICHARD HELTZEL, being the person described herein who executed the foregoing answers to interrogatories and I acknowledge that I executed the same as my free act and deed and that the same are true to the best of my knowledge and belief.

_____

RICHARD HELTZEL


Subscribed and sworn to before me
this 24th day of March, 2005.

_____

Notary Public, State of Hawaii

Avis-Ann K. Hee
_____

Printed Name

My commission expires: ____January 9, 2009____