**TOM PETRUS & MILLER LLLC**

MARK B. DESMARAIS           3286-0
Tel (808) 792-5805
mdesmarais@tpm-hawaii.com
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorney for Defendant
HAWAII EMPLOYERS' MUTUAL
INSURANCE COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEALY TIBBITTS BUILDERS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MANNERING CONSTRUCTION COMPANY; INSURANCE ASSOCIATES, INC.; HAWAII EMPLOYERS MUTUAL INSURANCE COMPANY, INC.,<br><br>Defendants. | CIVIL NO. 02-00146 SOM/BMK<br><br>DEFENDANT HAWAII EMPLOYERS MUTUAL INSURANCE COMPANY, INC. (HEMIC)'S **MEMORANDUM IN PARTIAL OPPOSITION** TO THE PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT FILED BY DEFENDANT JOHN M. MANNERING dba MANNERING CONSTRUCTION COMPANY, INSURANCE ASSOCIATES, INC. AND SCOTT CHRISTIANSEN FILED ON JULY 10, 2006; CERTIFICATE OF SERVICE<br><br>Hearing Date: August 16, 2006<br>    Time: 9:30 a.m.<br>    Judge: Barry M Kurren |

561569.1

DEFENDANT HAWAII EMPLOYERS MUTUAL INSURANCE COMPANY, INC. (HEMIC)'S **MEMORANDUM IN PARTIAL OPPOSITION** TO THE PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT FILED BY DEFENDANT JOHN M. MANNERING dba MANNERING CONSTRUCTION COMPANY, INSURANCE ASSOCIATES, INC. AND SCOTT CHRISTIANSEN FILED ON JULY 10, 2006

## I. INTRODUCTION.

Defendant Hawaii Employers Mutual Insurance Company, Inc. (HEMIC) submits this partial opposition memorandum to the instant motions with regard to footnote 1 in the Memorandum in Support of Defendant John M. Mannering dba Mannering Construction Company's Petition for Determination of Good Faith Settlement ("The Mannering Petition"). Footnote 1 states:

> To the extent that any cross claims of HEMIC remain pending, dismissal of those claims is sought in this motion.

As the Court is aware, HEMIC was granted summary judgment on or about March 9, 2004 as to all claims against it. However, on page 7 of Defendant Mannering's Petition, it is stated that "a successful appeal will be necessary for any claims to be pursued against HEMIC". Therefore, it appears Defendant Mannering seeks to retain its claims against HEMIC but have the Court dismiss any claims held by HEMIC. HEMIC objects only to the extent that Mannering's counsel seeks to establish any sort of "waiver" argument with regard to HEMIC's "claims".

Clearly, should Defendant Mannering seek an appeal of the Order Granting Summary Judgment in favor of HEMIC and should such appeal be successful, HEMIC would be in the same position as it was prior to its Motion for Summary Judgment. If this is agreed by all parties, then HEMIC shall withdraw the instant opposition.

Unfortunately, the drafting of Defendant Mannering's Petition raises the spectre of a dismissal of HEMIC's claims "on the merits" which may be an inadvertent oversight. It also raises the spectre of some sort of "waiver" argument if no objection is raised in this motion.

DATED: Honolulu, Hawaii, __JUL 28 2006__.

_____
MARK B. DESMARAIS

Attorney for Defendant
HAWAII EMPLOYERS' MUTUAL
INSURANCE COMPANY, INC.